

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2008

# USA v. Anderson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2052

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Anderson" (2008). *2008 Decisions.* Paper 484.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/484

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2052
_____

UNITED STATES OF AMERICA

v.

BRUCE ANDERSON
a/k/a Cap

Bruce Anderson,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00423)
District Judge: Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2008

Before:  BARRY, AMBRO, and JORDAN, *Circuit Judges*,

(Filed September 26, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Bruce Anderson appeals his conviction and sentence for violating 18 U.S.C.

§ 2314, which prohibits "transport[ing] ... in interstate ... commerce any goods ... or

money, of the value of $5,000 or more, knowing the same to have been stolen," and 18 U.S.C. § 371, which prohibits "conspir[ing] ... to commit any offense against the United States." Anderson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), requesting permission to withdraw as counsel, and Anderson has filed a *pro se* brief in response. Because we conclude that Anderson's appeal is "wholly frivolous," *Anders*, 368 U.S. at 744, we will affirm the District Court's judgment of conviction and sentence and grant his counsel's motion to withdraw. In addition, pursuant to our Local Appellate Rule 109.2, we note that the legal issues presented in this appeal lack legal merit and do not require the filing of a petition for a writ of certiorari with the United States Supreme Court.

I.    *Background*

On May 29, 2003, the government returned a three-count indictment charging Anderson and others with violations of 18 U.S.C. §§ 371 and 2314. Count I of the indictment charged that the defendants had violated § 371 by conspiring to violate § 2314, and Counts II and III charged the defendants with substantive violations of § 2314. The charges stemmed from a number of burglaries committed by Anderson and his confederates between 2000 and 2002.

On September 29, 2004, Anderson, represented at that time by a different attorney than his present counsel, pled guilty to Counts I and II of the indictment in exchange for the government's promise to recommend a two-level downward adjustment to his base offense level at sentencing, and a further promise that the government would not initiate

2

further criminal charges against him in connection with his offenses in this case.  On December 29, 2005, Anderson was provided with new counsel, who has represented him at sentencing and on appeal.

On March 15, 2006, Anderson appeared for sentencing and expressed his "deepest condolences" to the victims of his crimes.  (Appellant App. at 30.)  The District Court sentenced him to 109 months imprisonment, three years supervised release and restitution in the amount of approximately $355,000.  On March 24, 2006, Anderson filed this timely appeal.

II.    *Discussion*[1]

Anderson's counsel argues in an *Anders* brief that the only conceivably legitimate issues – i.e., whether former counsel was ineffective and whether Anderson's sentence was unreasonable – are frivolous.  Anderson has filed a *pro se* brief arguing that the *Anders* brief is too conclusory to be considered by us.  On the merits, he further alleges that there was not a sufficient factual basis for his guilty plea because Hector Lima, whom Anderson says is an eyewitness to the burglaries, supposedly informed a private investigator that he could not identify Anderson.  He also contends that his earlier counsel

---

[1]We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.  As explained more fully in this opinion, we must review the claims raised in Anderson's *pro se* brief and the claims discussed in the *Anders* brief to determine whether they are "wholly frivolous."  *Anders*, 368 U.S. at 744.  Our standard for determining frivolousness depends upon the standard of review applicable to the potential claims.  *See United States v. Schuh*, 289 F.3d 968, 974-76 (7th Cir. 2002) (noting that, in *Anders* context, withdrawal of guilty plea is reviewed for abuse of discretion while a Rule 11 violation is reviewed for plain error).

3

was ineffective because he failed to interview Lima prior to the plea hearing, failed to file a motion to suppress Lima's statements, and failed to file a motion to withdraw Anderson's guilty plea.  Finally, Anderson alleges that the warrant used to arrest him lacked probable cause.

Under *Anders*, counsel "should ... advise the court and request permission to withdraw" if he finds an appeal "to be wholly frivolous[] after a conscientious examination of it."  386 U.S. at 744.  A counsel's request to withdraw must be "accompanied by a brief referring to anything in the record that might arguably support the appeal."  *Id.*  Thus, when counsel submits an *Anders* brief, the Court considers "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

Pointing to the brevity of the *Anders* brief and its omission of the various arguments raised in his *pro se* brief, Anderson's first argument is that the *Anders*  brief fails to meet the standard set forth in the first prong of the *Youla* test.  However, we do not reject briefs "in those cases in which frivolousness is patent[,]"  *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000), and that is certainly the case here.

Anderson next argues that there was an insufficient factual basis for his guilty plea because, after pleading guilty, he "had a premonition of his innocence," and hired a private investigator to interview Hector Lima. (Pro Se Br. at 3.) Lima allegedly told the

4

private investigator that he was unable to identify Anderson, and the investigator gave Anderson an affidavit documenting that conversation.

We will construe Anderson's *pro se* brief liberally. In doing so, it appears that Anderson is arguing that the investigator's affidavit shows that the District Court erred in accepting his guilty plea.[2] That argument, is frivolous. A district court may only accept a guilty plea if "there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). That standard does not require, however, that the court be "convinced beyond a reasonable doubt of a defendant's guilt." *United States v. Lessner*, 498 F.3d 185, 197 (3d Cir. 2007). Rather, the court only needs to "find sufficient evidence in the record as a whole to justify a conclusion of guilt." *Id.* A "defendant's own admissions" are enough to supply the required basis. *Id.* The record plainly establishes that Anderson admitted in open court to committing the crimes with which he was charged. Because Anderson admitted to committing the charged offenses, it was not plain error for the District Court to accept his guilty plea.

Next, Anderson claims that his former counsel was ineffective because he did not seek to question Lima prior to the plea hearing, because he failed to move to suppress Lima's statements, and because he failed to move to withdraw the guilty plea. Anderson's argument is frivolous because "ineffective assistance of counsel claims ... are

---

[2]When an appellant alleges on appeal for the first time that there is no factual basis for a guilty plea, our review is for plain error. *United States v. Lessner*, 498 F.3d 185, 196 (3d Cir. 2007).

... not entertained on a direct appeal" unless "the record is sufficient to allow determination of ineffective assistance of counsel." *United States v. McLaughlin*, 386 F.3d 547, 555-56 (3d Cir. 2004). Anderson's claim is made on direct appeal, and the record does not establish that "an evidentiary hearing to develop the facts is not needed." *Id.* For example, Anderson's claim turns in part on the veracity of the affidavit concerning Lima's alleged statements to the investigator, and, therefore, we cannot determine the merits of that claim on the current record.

Next, Anderson argues that the warrant used to arrest him lacked probable cause. That argument is frivolous because Anderson entered a guilty plea in open court, thereby waiving his right to make that claim. *See Tollet v. Henderson*, 411 U.S. 258, 267 (1973) (noting that a criminal defendant may not, after admitting guilt, "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea").

Finally, the *Anders* brief discusses whether "the sentence imposed was improper." (Appellant Br. at 4.) As defense counsel notes, the District Court imposed a sentence that was within the range contemplated by the plea agreement, and our own review of the record confirms that the District Court did not err in imposing that sentence.[3]

III.    *Conclusion*

---

[3]Indeed, by signing the plea agreement, Anderson agreed to waive a number of challenges to his sentence, including, *inter alia*, any challenge to "the sentencing court's authority to sentence under the Sentencing Guidelines in accordance with [the terms of the plea agreement.]" (Supp. App. at 7 ¶ 12-13.)

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence, and grant defense counsel's motion to withdraw.